J-S53033-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LEONARD HINES | : | |
| | : | |
| Appellant | : | No. 2835 EDA 2019 |

Appeal from the Judgment of Sentence Entered September 6, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005831-2016

BEFORE:  SHOGAN, J., LAZARUS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    **FILED: APRIL 12, 2021**

Leonard Hines appeals the judgment of sentence entered by the Court of Common Pleas of Philadelphia County (trial court).  Following a plea of *nolo contendere* to one count of involuntary deviate intercourse[1] and one count of unlawful contact with a minor,[2] Hines was sentenced to an aggregate prison term of 7.5 to 15 years.  He now contends that the trial court erred in denying his pre-sentence motion to vacate the plea.  He also argues that the trial court abused its discretion by ignoring mitigating sentencing factors, resulting in an excessive sentence.  We affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 3123(a)(1).

[2] 18 Pa.C.S. § 6318(a)(1).

**I.**

At Hines' plea hearing, the prosecution proffered the following facts. In 2016, the victim (RA) was 17 years old and living with her mother and Hines, who is her stepfather. While RA was at home in her bedroom, Hines anally penetrated her against her will. Later that night, RA reported the incident to police. In her interview with them, she also revealed that two weeks earlier, Hines had groped her and performed oral sex on her without her consent. DNA testing of rectal swabs taken from RA corroborated her allegations against Hines, who was 41 years old at the time.

The case proceeded and a panel of jurors was selected. The following day, Hines agreed to forego a trial so that he could instead enter a plea to the two aforementioned offenses. After the prosecution stated the factual basis for the two counts, as well as the definitions of the charges, Hines entered his plea. However, about three months later and just before sentencing, Hines sought to withdraw the plea. He filed a motion contending that he was innocent of the charges because he had not used force during the sexual anal contact between him and RA, making it consensual. Hines denied that any other sexual contact ever took place between them.

At the hearing on the motion to withdraw, the prosecution responded that during the plea colloquy, Hines had already admitted to the nonconsensual nature of the anal penetration as well as the other improper contact with RA. Hines had also been advised that lack of consent to that

contact was an element of involuntary deviate sexual intercourse. The prosecution then introduced text messages Hines had sent RA's mother admitting that he had "f*cked up."

The trial court denied Hines' motion to withdraw his plea, stressing that his grounds for withdrawal had conflicted with his earlier admissions at the plea hearing. Additionally, the trial court ruled that allowing Hines to withdraw his plea would cause substantial prejudice to the Commonwealth.

At the sentencing hearing, the trial court noted that Hines' criminal history included convictions for sexually abusing a different stepdaughter, who was 14 years old at the time of those offenses. He had a prior record score of "4."[3]

Hines presented mitigating evidence to the trial court detailing his mental state and personal history. The defense advised that Hines was a 45 year-old father of 13, that he had been married for 10 years, and that he worked for decades as an electrical maintenance worker. As part of the mitigation materials, the defense presented a mental health evaluation and a pre-sentence report. These materials recounted that Hines had a history of substance abuse, which was in part rooted in his difficult upbringing and the drug addictions of his parents.

---

[3] **See** 204 Pa. Code §§ 303.1-303.8.

The trial court the sentenced Hines to a prison term of 7.5 to 15 years as to each of the two counts, to be served concurrently. This range fell within the sentencing guidelines. Hines timely filed a post-sentence motion challenging the voluntariness of the plea and the reasonableness of the sentence. After his motion was denied, Hines then timely appealed the judgment of sentence.[4]

In his appellate brief, Hines raises two issues:

A. Did the [trial] court abuse its discretion by fashioning a sentence that exceeded that which is necessary to protect the public, and seems not to have taken into consideration [Hines'] extreme remorse, work history, potential for rehabilitation and acceptance of responsibility by pleading no contest?

B. Did the [trial] court err in denying [Hines'] presentence motion to withdraw his no-contest plea, after seemingly applying the higher standard for withdrawing pleas after sentencing (manifest injustice), and that the Commonwealth would suffer substantial prejudice if the motion were granted?

Appellant's Brief, at 5.

## II.

We first evaluate Hines' claim that the trial court failed to take into account his mitigation evidence, resulting in an excessive prison term. Since

---

[4] Hines complied with Pa.R.A.P. 1925. The trial court did not prepare an opinion in accordance with Pa.R.A.P. 1925(a) because by the time an appeal was filed, the assigned judge was no longer presiding on the Philadelphia County Court of Common Pleas. The lack of an opinion poses no impediment to appellate review because the reasons for the trial court's rulings are already evident in the record.

this claim concerns a discretionary aspect of the sentence, Hines had to invoke this Court's jurisdiction to consider it by first taking the necessary procedural steps and then by demonstrating that the claim involves a "substantial question." *See generally Commonwealth v. Griffin*, 65 A.3d 932, 935-36 (Pa. Super. 2013). A "substantial question" exists if the appellant has made a colorable argument that the sentence violated a specific provision of the Sentencing Code or was contrary to the "fundamental norms underlying the sentencing process." *Commonwealth v. Johnson*, 873 A.2d 704, 708 (Pa. Super. 2005).

There is no dispute that Hines complied with the procedures needed to raise his sentencing claim. *See e.g.*, Pa.R.A.P. 2219(f); 42 Pa.C.S. § 9781(b); Pa.R.Crim.P. 720. However, his claim is generally one that is found not to constitute a substantial question that can be addressed on direct appeal. "[T]his Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." *Commonwealth v. Downing*, 990 A.2d 788, 794 (Pa. Super. 2010) (quoting *Commonwealth v. Matroni*, 923 A.2d 444, 455 (Pa. Super. 2007); *Commonwealth v. Kraft*, 737 A.2d 755, 757 (Pa. Super. 1999) (no substantial question raised where appellant argued that court had not adequately considered certain mitigating factors). As Hines' issue is not one that involves a substantial question, we cannot reach its merits.

Even if we were to find that a substantial question has been posed, we would conclude that no reversible error occurred. A claim of an excessive sentence is reviewed under an abuse of discretion standard. *See Commonwealth v. Perry*, 883 A.2d 599, 603 (Pa. Super. 2005). In order to prevail, Hines would have to "establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." *Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa. Super. 2013) (quoting *Commonwealth v. Glass*, 50 A.3d 720, 727 (Pa. Super. 2012)); *see also Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) (same).

The record in this case does not support Hines' contention that the trial court failed to adequately take into account his remorse, acceptance of responsibility, rehabilitative needs, unstable upbringing and long work history. Far from showing remorse or accepting responsibility, Hines has, in fact, denied the nonconsensual nature of his offenses. While Hines initially entered a plea to involuntary deviate sexual intercourse and unlawful contact with a minor, he thereafter insisted that his stepdaughter had consented to the intercourse. He altogether denied the remaining allegations of improper sexual conduct toward his stepdaughter.

As for Hines' personal history and mental health struggles, the trial court is legally presumed to have considered that information because it was

detailed in the defense's pre-sentence report. "Our Supreme Court has determined that where the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Commonwealth v. Bullock*, 170 A.3d 1109, 1126 (Pa. Super. 2017) (quoting *Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009)) (citation omitted).

In sum, all of the mitigation evidence Hines claims the trial court ignored is either presumed to be considered or contradicted by Hines in an attempt to withdraw his plea. Taking in mind Hines' past criminal history, particularly his previous sex offenses against children in his custody, we cannot find that the trial court imposed an excessive sentence or otherwise abused its discretion with respect to the length of the term.

## III.

Next, we consider Hines' two-part claim that the trial court (a) abused its discretion in denying his motion to withdraw his plea, and (b) applied the wrong legal standard when ruling on that motion.

As Hines acknowledges, criminal defendants do not have an absolute right to withdraw a plea after it has been entered, as this is a matter of judicial discretion. *See* Pa.R.Crim.P. 591(A); *Commonwealth v. Carrasquillo*, 115 A.3d 1284, 1291-92 (Pa. 2015). Prior to sentencing, withdrawals of a plea should be granted liberally, but only "if supported by a fair and just reason,

and substantial prejudice will not inure to the Commonwealth." *Id*. at 1291-92; *Commonwealth v. Perry*, 32 A.3d 232, 236–37 (Pa. 2011).[5] The denial of a request to withdraw a plea is proper "where the reasons offered by a defendant are belied by the record." *Carrasquillo*, 115 A.3d at 1287. A declaration of innocence may qualify as a fair and just reason, but it must "be at least plausible to demonstrate, in and of itself" that withdrawal of the plea would promote fairness and justice. *Id*. at 1292.

In this case, we do not find that the trial court applied the wrong legal standard or that it abused its discretion in denying Hines' motion to withdraw his plea. Hines did not offer a plausible reason why his plea was involuntary or that he was actually innocent of the charges. His sole grounds for withdrawing his plea were that this sexual contact was consensual, and that when entering his plea, he did not know that lack of consent is an element of involuntary deviate intercourse.

The record belies Hines' claims of innocence and confusion about what he was pleading to. The allegations of his stepdaughter were corroborated by a DNA test. Hines himself sent text messages to his stepdaughter's mother that were tantamount to admissions of his wrongdoing. At his plea colloquy,

_____

[5] "In the context of a pre-sentence request for plea withdrawal, the term "prejudice" means that, due to events occurring after the entry of the plea, the Commonwealth's prosecution of its case is in a worse position that it would have been had the trial taken place as originally scheduled." *Commonwealth v. Gordy*, 73 A.3d 620, 624 (Pa. Super. 2013).

the prosecution proffered the facts supporting conviction, including the nonconsensual nature of the subject sexual contact, and Hines did not refute those facts.

Indeed, Hines heard not only the proffer, but also a recitation of the elements of the crimes. Yet he waited three months after the plea, until just before sentencing, to declare that he was innocent and that he had misunderstood that one of the offenses involved a lack of consent. On these facts, Hines' reasons for withdrawal of his plea were not plausible and the trial court did not abuse its discretion in denying the pre-sentence motion.

As to Hines' sub-claim that the trial court erroneously applied the more stringent "manifest injustice" standard for a post-sentence withdrawal of a plea, we again find that no relief is due. While the trial court did at times use incorrect terminology when articulating the standard for granting a pre-sentence motion to withdraw a plea,[6] the record in no way suggests that the wrong standard was actually applied.

Despite occasionally mislabeling the applicable standard, the trial court recited **Carrasquillo** almost verbatim just before ruling. The trial court

_____

[6] At the post-sentence stage, it is more difficult to withdraw a plea and defendants must show that a manifest injustice would result from the denial of withdrawal. "Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily. In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea." **Commonwealth v. Broaden**, 980 A.3d 124, 129 (Pa. Super. 2009) (citations omitted).

correctly explained that it had "full discretion to determine whether the withdraw request will be granted. Such discretion is to be administered li[b]erally in favor of the accused in demonstration by the defendant in a fair and just reason to grant it, unless the withdraw brings substantial prejudice on the Commonwealth." Hearing Transcript, 9/6/2019, at p. 23. The trial court also assured the parties that it appreciated the difference between the standards for the pre-sentence and post-sentence withdrawal of a plea.

This leaves no doubt that the trial court both understood and applied the legal standard applicable at the pre-sentence stage of a criminal case. Thus, for all of these reasons, we conclude that Hines' convictions and sentence must stand.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/12/21